122 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rafaela LUARCA-LEM, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-71071, Axq-cut-jdz.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rafaela Luarca-Lem, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of an immigration judge's ("IJ") denial of her application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition.
 
 
 3
 Because the BIA clearly incorporated the IJ's decision, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). We review credibility findings under the substantial evidence standard, and we must uphold the IJ's adverse credibility finding "unless the evidence presented compels a reasonable factfinder to reach a contrary result." Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996). Although the IJ's credibility finding is entitled to "substantial deference," it must be supported by "a specific, cogent reason." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992).
 
 
 4
 Luarca-Lem contends that the IJ's finding that she failed to establish past persecution or a well-founded fear of future persecution is unsupported by substantial evidence. This contention lacks merit.
 
 
 5
 An applicant may be entitled to asylum if she establishes that she has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). Well-founded fear has both a subjective and an objective component. See Acewicz, 984 F.2d at 1061. To satisfy the subjective component, an applicant must present credible testimony that she genuinely fears persecution. See id. To satisfy the objective component, an applicant must present credible, direct and specific evidence that her fear is reasonable. See id. (internal quotations omitted)
 
 
 6
 Here, the IJ found Luarca-Lem not credible because of discrepancies between her asylum application and her testimony. In her asylum application and attached declaration, Luarca-Lem stated that, in addition to being threatened by guerrillas, she was in great danger because the military suspected her of being a guerrilla. Luarca-Lem claimed that she was arrested, interrogated, detained for two days, and warned that the military would be watching her. At her asylum hearing, Luarca-Lem testified that she was threatened by the guerrillas, but never mentioned any problems with the military, despite extensive questioning about the basis of her asylum claim. The IJ also noted that Luarca-Lem failed to provide any details regarding her claimed involvement with the "UCN," an alleged political party opposed to the guerrillas. For example, she could not tell the IJ what the initials "UCN" stood for, or when. she had been involved with the party.
 
 
 7
 The discrepant and vague aspects of Luarca-Lem's testimony involve the very core of her persecution claim. See De Leon-Barrios v. INS, 116 F.3d 391, 393-94 (9th Cir.1997). Because the IJ provided specific and cogent reasons for disbelieving Luarca-Lem's testimony, substantial evidence supports the IJ's decision. See Berroteran-Melendez, 955 F.2d at 1256. Because Luarca-Lem failed to provide credible evidence of past persecution or a well-founded fear of future persecution, she failed to establish eligibility for asylum. See id. at 1257-58. It follows that she did not satisfy the more stringent standard for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3